## Wesley v. Tartar, County Judge, et al.

(Decided February 2, 1923.)

### Appeal from Pulaski Circuit Court.

Injunction—Enjoining Fiscal Court from Incurring Indebtedness.
—An injunction enjoining the fiscal court of a county from incurring indebtedness in any given year in excess of the income

and revenue of the county for that year will not be granted at the instance of a taxpayer unless he shows in his petition what the county will derive from its *ad valorem* and poll taxes for the year, and what, if any, other income it will receive during the year, and also whether it has any funds in its treasury from which it could discharge its indebtedness chargeable to the income of that year.

DENTON & PERKINS for appellant.

M. L. JARVIS for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This is an appeal from a judgment of the Pulaski circuit court dismissing appellant's petition in which he sought an injunction against the fiscal court of that county, enjoining and restraining it from incurring further indebtedness on behalf of the county for the year 1922 and from allowing further claims against the county or borrowing any money on its behalf for that year.

In the original petition appellant prayed for separate orders of injunction against the fiscal court and R. C. Tartar in his capacity as county judge, but being required to elect which cause of action he would prosecute elected to proceed against the fiscal court. A special demurrer to the petition as amended was overruled but a general demurrer to it was sustained, and, appellant declining to plead further, the petition was dismissed.

The averments material to a determination of the question presented are that at the time of the filing of the suit Pulaski county had an existing indebtedness of $193,483.00, all of which, with the possible exception of refunding bonds amounting to $28,500.00 and a note of $10,000.00, was a floating indebtendess of the county due in the year 1922 and chargeable against the tax levy of the county for that year; that the fiscal court of the county would, unless enjoined and restrained, enter orders incurring additional debts for 1922 in excess of the revenues from all taxes on the assessable property in the county; that the county judge, as agent of the fiscal court, had issued warrants for the years 1921-1922, amounting to $50,000.00, was daily issuing illegal warrants and vouchers, and, unless enjoined and restrained from so doing, would continue without warrant of law to issue such warrants and vouchers for road work and other improvements; that the assessable property in Pulaski county for the year 1922 subject to taxes for county pur-

poses amounted to about ten millions of dollars, and that the county revenue for that year collected or to be collected for general and road purposes would not exceed $50,000.00; that the fixed charges, officers' salaries and other necessary expenses for governmental purposes, were not less than $25,000.00; that the notes and other floating indebtedness of the county chargeable to the tax levy for the year 1922 amounted to more than $200,000.00; and that the fiscal court was threatening to incur further indebtedness by borrowing $50,000.00 for the purpose of improving the public roads and, unless enjoined and restrained, would incur that additional liability.

These allegations were held by the lower court not to state a cause of action. No opinion was delivered by the court, but we are informed in brief of counsel that the ground of the decision was that the fiscal court must speak through its records, and, under Troutman v. Hays, 31 Ky. Law Rep. 206, it could not be anticipated that the court would make an unlawful levy or do any other unlawful act. We are not prepared to say that the petition is defective in that the averments thereof are anticipatory.

But this action is based on section 157 of the Constitution, and appellant as a taxpayer had authority to institute a proceeding of this kind. Shipp v. Rodes, 196 Ky. 523. However, section 157 of the Constitution provides that "No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year," etc. Accepting the allegations of the petition as true, and recognizing that the indebtedness set out herein is chargeable, under McCrocklin v. Nelson Fiscal Court, 174 Ky. 308, and Nelson County Fiscal Court v. McCrocklin, 175 Ky. 199, against the income and revenues of the county for the year 1922, we have a case in which the indebtedness for the year 1922. is far in excess of the revenue of the county to be derived from its *ad valorem* taxes. But the petition is defective in that it does not allege what would be derived from the poll taxes of the county and what income, if any, besides *ad valorem* taxes the county would receive during the year 1922, or whether the county had any money on hand from which it could pay the indebtedness chargeable to the income of that year. In other words, the Constitution permits the county to become indebted to an amount

equal to the revenues derived from the highest tax rate allowed by law, plus any income that the county might otherwise receive during the year. The petition does not show whether the county has any income or source of revenue besides that derived from the tax levy for the year 1922, nor does it show whether it has any funds in its treasury to meet the large indebtedness that is chargeable to the year 1922. For aught that appears in the petition, the county might have had funds in its treasury to pay the major part if not all of the floating indebtedness for the year 1922, or it might have had some source of income in addition to its revenue derived from its tax levy which would enable it to meet all indebtedness and justify, under section 157 of the Constitution, the expenditures that it proposed to make. In view of that defect in the petition, the demurrer was properly sustained.

The judgment affirmed.